IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MR. and MRS. LONDER B. DAVIS, §<br>　　　　Plaintiffs, §<br>　§<br>v. §<br>　§<br>CLYDE McGUIRE, et al., §<br>　　　　Defendants. § | No. 3:22-cv-01136-N (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

　　This is a *pro se* civil action brought by Plaintiffs Mr. and Mrs. Londer B. Davis. On May 25, 2022, the Court sent Plaintiffs a Notice of Deficiency and Order (ECF No. 7), which directed them to file a complaint in compliance with Federal Rule of Civil Procedure 8(a) by June 27, 2022.[1] The Order informed Plaintiffs that failure to respond and cure the deficiency by

---

[1] Rule 8(a) provides:

　　A pleading that states a claim for relief must contain:

　　(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

　　(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

　　(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

1

June 27, 2022, could result in a recommendation that their case be dismissed. The June 27 deadline passed, and Plaintiffs failed to comply with the Court's order. Therefore, the Court should dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, Londer Davis filed a one-page complaint and approximately sixty pages of exhibits on May 24, 2022,[2] but Plaintiffs failed to comply with the Court's May 25, 2022 order to file a complaint in compliance with Rule

---

[2] The complaint names "Mr. and Mrs. Londer B. Davis" as Plaintiffs, but only Londer Davis signed the complaint. The exhibits include copies of correspondence, medical records, invoices, collection notices, military discharge records, police reports, and court records—almost all of which contain handwritten comments.

8(a). Plaintiffs' complaint lacks a short and plain statement of the grounds for the Court's jurisdiction, a short and plain statement of Plaintiffs' claims showing they are entitled to relief, and a demand for relief. The Court cannot screen this case, and this litigation cannot proceed, until Plaintiffs cure this deficiency. Plaintiffs have failed to prosecute their lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

The Court should dismiss Plaintiffs' complaint without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed September 8, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).